KAZUKO ADACHI-NISHIMOTO, Plaintiff-Appellant,
v.
CLAYTON BEN NISHIMOTO, Defendant-Appellee.
No. 28609.
Intermediate court of Appeals of Hawaii.
June 5, 2008.
On the briefs:
Thomas L. Stirling, Jr., Lynne M. Youmans, (Stirling & Kleintop), for Plaintiff-Appellant.
Robert M. Harris for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., FUJISE and LEONARD, J.
In a post-divorce decree proceeding, Plaintiff-Appellant Kazuko Adachi-Nishimoto (Mother) appeals an "Order Re: Trial" (Order) entered by the Family Court of the First Circuit (Family Court)[1] in favor of Defendant-Appellee Clayton Ben Nishimoto (Father) on May 22, 2007. Mother timely filed a Notice of Appeal on June 21, 2007.

I. Background
On March 16, 2005, the Family Court entered a divorce decree that, inter alia, awarded legal and physical custody of the couple's son (Son) to Mother, subject to a specific timesharing visitation schedule with Father. On January 25, 2006, Mother filed a motion for post-decree relief, seeking limitations on Son's visitation with Father and other relief. On October 13, 2006, Father filed a motion to modify the custody of Son. A trial on both motions was held on April 2, 2007. On May 22, 2007, the Order was entered that denied Mother's request to limit Son's visitation with Father, denied Father's request for joint legal custody, but granted Father's request for joint physical custody based on the Family Court's finding that there had been a material change in circumstances and that it was in Son's best interest that Father be given more time with Son. On June 21, 2007, Mother filed a Notice of Appeal. On September 21, 2007, the Family Court entered its Findings of Fact and Conclusions of Law.

II. Points of Error
On appeal, Mother raises ten points of alleged error:
1. The Family Court erred in finding that Father's purchase of a condominium in Kailua was not inappropriate or in disregard of Son's best interests.
2. The Family Court erred in finding that Father was the only significant male influence in child's life.
3. The Family Court erred in finding that Mother's proposed visitation schedule was not reasonable and not in Son's best interests.
4. The Family Court erred in finding, based on Son's age, sex, and interests, that a co-equal timesharing arrangement was in Son's best interests.
5. The Family Court erred in finding that Mother's proposed Christmas vacation schedule was not reasonable and not in Son's best interests.
6. The Family Court erred in finding that Mother's concerns regarding Father's parenting conduct were not justified.
7. The Family Court erred in finding that Mother needs to recognize that she and Father have different parenting styles and that Father would not intentionally place Son in harm's way.
8. The Family Court erred in taking judicial notice that a child undergoes significant biological and emotional changes as he passes from childhood to his teenage years.
9. The Family Court erred by concluding that a material change can arise solely by a child's growing older.
10. The Family Court erred by concluding that a material change in circumstances existed in this case and warranted a modification of the physical custody of Son.

III. Standards of Review
As both parties have recognized, the Family Court possesses wide discretion in making its decisions. Those decisions will not be set aside unless there is a manifest abuse of discretion. We will not disturb the Family Court's decisions unless the Family Court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason. Fisher v. Fisher, 111 Hawai`i 41, 46, 137 P.3d 355, 360 (2006).
The Family Court's findings of fact are reviewed under the clearly erroneous standard and its conclusions of law are reviewed de novo, under the right/wrong standard.
[T]he family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal.
Id. (citations omitted). This court will not pass on issues dependent upon the credibility of witnesses and the weight of the evidence. Id. (quotation marks and citations omitted).

IV. Discussion
After a careful review of the record and the arguments and supporting authorities presented by the parties, we resolve Mother's points of error as follows:
Mother's first seven points of error ask us to determine that the Family Court's factual findings were clearly erroneous that there is a lack of credible evidence in the record to support them. Mother implicitly requests that we reassess the credibility of the witnesses and reweigh the evidence, so that we might draw different conclusions. We conclude, however, that the Family Court's findings of fact are reasonably and sufficiently grounded in the testimony and evidence presented at trial by Mother and Father. It appears, for example, that both parents have moved since the divorce, not just Father. While Father's move to Kailua may have been motivated in part by financial considerations, financial stability is not an inappropriate consideration, nor does it show disregard for Son's best interests.
We are reluctant, as well, to consider particular findings outside of the context of the record as a whole. The Family Court's findings concerning the importance and benefits of Father's male influence in his Son's life, for example, are considered in the circumstances of Mother's household, including but not limited to the re-introduction of Mother's adult daughters to the home, the women's religious-studies-group activities that take place in Mother's home, and the other adult woman who is apparently living in Mother's home and participating with Mother and the older daughter's religious pursuits. While these are positive influences in Son's life, as posited by Mother, Father's consistent and active role in Son's life as a significant male figure is also important. We do not understand Mother's argument to suggest that male teachers or coaches should be viewed as a substitute for Father's strong role in Son's life.
In sum, based on our careful review of the record of these proceedings, we conclude that the Family Court's findings of fact in paragraph numbers 38, 50, 51, 52, 53, 55, and 64 are grounded in substantial evidence and, therefore, are not clearly erroneous.
Mother asserts that the Family Court erred in conclusions of law 6 and 7, which conclude that a child's needs may materially change simply as a result of the process of growing older. We agree that, in some cases, circumstances attendant to a child's maturation process may, without more, warrant a determination that there has been a material change in circumstances. We do not, however, read the Family Court's Order and the subsequent findings and conclusions to conclude that Son's growing older was the only fact considered in conjunction with the determination that a material change of circumstances existed in this case. Other aspects of the parties living arrangements had also changed since the divorce. Mother had moved out of the family home[2] in the Diamond Head area to another home in the Kahala area. Father, whose financial resources were substantially more limited, moved to a more affordable home in Kailua. Various aspects of Mother's, Father's, and Son's schedules and activities, along with the increased commute time between the homes, school and activities, made the prior visitation schedule difficult and apparently contributed to the continued acrimony between these divorced parents. The Family Court appropriately considered the totality of the parties' and Son's circumstances when it determined chat a material change in circumstances had occurred.
A person seeking a modification of custody must show a material change of circumstance since the previous custody order, and must show that such a change is in the best interests of the child. Egger v. Egger, 112 Hawaii 312, 318, 145 P.3d 855, 861 (App. 2006). The Family Court clearly weighed all of the evidence presented and carefully considered the positions and credibility of both Mother and Father in reaching its decision to modify custody. The modifications were reasonably tailored to the changed circumstances and appear to be in the best interests of Son. The Family Court did not abuse its discretion in this case.
For these reasons, we affirm the Family Court's Order entered on May 22, 2007.
NOTES
[1] The Honorable Christine Kuriyama presided.
[2] Mother testified that at the time of the divorce, she had argued that she should have primary custody over Son so that he could stay in the house in which he was born.